# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUYEN GIA PHAN, MINH TRIEU DOAN, CUC HUYNH, LILYAN LOC LE, DUC HUU HUYNH, PERLIE LA, NHAN CONG NGUYEN, THOM THI TRAN, THO HA, KHAM NGOC TRAN, OANH KIEU VO, ANH VAN THAI, PHONG THI VU, DAU THI THAI, MINH THAI, DUYEN NGUYEN, MANH THI NGUYEN, MAI DO, RIN LAY, ANH VAN NGUYEN, DIEP THI NGUYEN, LANA NGUYEN, NGOC THUY VAN, TRAI MINH CHAU, TONY TRAN, NHO NGUYEN, PAM ANH TRINH, TRUNG KHAI NGUYEN, MINH TRUONG, VIET HOANG DUONG, DOES 1-100, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, Social Security Administration,<br><br>Defendant. | CASE NO. 13cv2036-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the First Amended Complaint, filed by Defendant Carolyn Colvin, Acting Commissioner of Social Security, Social Security Administration ("SSA" or "Commissioner"). (ECF No. 10).

## I. Background

On August 30, 2013, Plaintiffs initiated this action by filing a Complaint in this

Court. On October 2, 2013, Plaintiff filed a First Amended Complaint, which is the operative pleading. (ECF No. 7). The docket reflects that Plaintiffs' counsel of record is Alexandra T. Manbeck ("Manbeck").

### A. Allegations of the First Amended Complaint

"Plaintiffs are poor, disabled and non-English speaking Vietnamese former prisoners of war and refugees in the United States who reside in San Diego County and who have been or will be applying for Disability Insurance benefits ... and/or Supplemental Security Income ... benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*" *Id.* ¶ 1. "The Plaintiffs comprise a class of over a thousand claimants who have or had a statutory right to be represented by counsel of their choice at administrative hearings pursuant to 42 U.S.C. § 406 and have been or will be represented by Vietnamese-speaking attorney Alexandra Nga Tran Manbeck." *Id.*

"On November 6, 2011, ... Plaintiffs' attorney [i.e., Manbeck] brought a class action in district court alleging bias on the part of Administrative Law Judge ('ALJ') Eve Godfrey. *Alzayadi, Donate, et al. v. Michael J. Astrue*, 11cv2056-LAB(WVG). However, on September 4, 2012, the district court dismissed the action." *Id.* ¶ 3. "On March 12, 2013, in retaliation for the filing of the *Alzayadi, Donate, et al.* case by Plaintiffs' attorney..., the Social Security Administration initiated administrative proceedings under 20 C.F.R. §§ 404.1740-404.1790 and 20 C.F.R. §§ 416.1540-416.1594 (hereinafter 'the suspension provisions') to suspend Plaintiffs' attorney from the practice of Social Security law and to prevent Plaintiffs' attorney from representing the Plaintiffs before the Social Security Administration ('SSA')...." *Id.* ¶ 4. "The government is bringing charges against the plaintiffs' attorney under false pretexts of misconduct...." *Id.*

"In spite of the fact that in each and every instance of SSA-alleged misconduct against the Plaintiffs' attorney, the Plaintiffs filed affidavits denying that such misconduct ever took place, the government insisted on prosecuting Plaintiffs' attorney

under the suspension provisions, thus depriving Plaintiffs of representation and chilling the Plaintiffs' First Amendment rights to information and to representation, since the final determination of the suspension provisions is performed by the same SSA which initiated charges, is final, unappealable and is not subject to judicial review." *Id*. "As a result of the government's initiation of administrative proceedings to permanently suspend the Plaintiffs' attorney from representing the Plaintiffs in their own administrative proceedings, the Plaintiffs and members of the Plaintiffs' class ... are being deprived of their First Amendment right to communicate with their lawyer, to participate in the administrative proceedings and to have access to and to petition the courts, and their Fifth Amendment right to due process." *Id*. ¶ 5.

Under the label, "Causes of Action," the First Amended Complaint states:

> The Defendant's selective prosecution of Plaintiffs' attorney Alexandra Tran Manbeck under the suspension provisions violates the Administrative Procedure Act.
>
> The suspension provisions, as written and as construed by Defendant, violate the First Amendment on their face and as applied to prevent Plaintiffs from being represented by attorney Tran Manbeck even on a *pro bono* basis.
>
> The suspension provisions, as written and as construed by Defendant, are unconstitutionally vague and violate the Fifth Amendment on their face and as applied to prevent the Plaintiffs from being represented even on *pro bono* basis by Plaintiffs' attorney Alexandra Nga Tran Manbeck before the SSA.
>
> The suspension provisions, as written and as applied by Defendant in retaliation against the Plaintiffs' attorney for the filing of an action alleging bias on the part of ALJ Godfrey, violate the First Amendment as Plaintiffs' attorney has changed her practice and has begun to decline representation of class Plaintiffs.

*Id*. ¶¶ 95-98.

"Plaintiffs, on behalf of themselves an all others similarly situated, request this Court to issue a declaration that the suspension provisions are unconstitutional on their face and as applied to exclude Plaintiffs' attorney from representing Plaintiffs. Plaintiffs also seek a preliminary and permanent injunction preventing the government from relying on the suspension provisions to violate Plaintiffs' right of association, and to deprive Plaintiffs of legal representation and of access to the courts." *Id*. ¶ 6.

"Jurisdiction is conferred on the Court by 28 U.S.C. § 1361, 28 U.S.C. § 1331(a) and 5 U.S.C. §§ 701 *et seq*. over causes of action arising under 5 U.S.C. §§ 701 *et seq*., and the First and Fifth Amendments to the United States Constitution." *Id*. ¶ 7.

### B. Motion to Dismiss

On December 6, 2013, Defendant filed the Motion to Dismiss. (ECF No. 10). Defendant contends that "[t]his action is an improper attempt to end-run a lawful and ongoing administrative process." (ECF No. 10-1 at 10). Defendant contends that "the administrative proceedings are ongoing and no sanctions have been imposed against Manbeck," and "Plaintiffs wrongly assert standing on Manbeck's behalf, when she is entirely capable of asserting her own rights in this matter (when or if a final administrative action is taken against her)." *Id*. Defendant contends:

> As an initial matter, Plaintiffs lack standing, either collectively, individually, or as third parties, to present Manbeck-related claims before this Court. Moreover, this Court cannot hear their claims because they are challenging a decision that is not final and not ripe for review. Finally, there has been no effective waiver of sovereign immunity to permit judicial review. Ultimately, whether viewed as a lack of standing or as a lack of ripeness, this Court has no jurisdiction over Plaintiffs' claims.

*Id*. Defendant requests that the First Amended Complaint be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and/or 12(b)(6) for failure to state a claim upon which relief can be granted.

Attached to the Motion to Dismiss is a declaration from an attorney for Defendant, and two exhibits. The declaration states that, "[o]n March 12, 2013, SSA issued to Manbeck a letter advising her that it had evidence that she had failed to conduct business with SSA electronically as required by applicable regulations and agency policy, had made unauthorized fee arrangements, and had made a false statement before an ALJ." (Yang Decl. ¶ 4, ECF No. 10-4; *see also* ECF No. 10-2). The declaration states that, "[o]n July 10, 2013, SSA served on Manbeck a Notice of Intent to Sanction reasserting certain charges set out in the March 12, 2013 letter, advising her that SSA would seek to disqualify her from representing claimants before the agency, and informing her that she may accept the proposed sanction or request a

hearing before an ALJ." (Yang Decl. ¶ 5, ECF No. 10-4; *see also* ECF No. 10-3). The declaration states: "On October 8, 2013, Manbeck filed an amended answer in response to the July 10, 2013 Notice of Intent to Sanction.... The SSA has yet to schedule a formal administrative hearing for Manbeck before an ALJ." (Yang Decl. ¶¶ 6-7, ECF No. 10-4).

On January 27, 2014, Plaintiffs filed an opposition to the Motion to Dismiss. (ECF No. 16). Plaintiffs contend that the Motion to Dismiss should be denied in its entirety. Plaintiffs contend that 26 of the 28 named Plaintiffs have standing because they have claims pending before the SSA, and they each "fear that they would be deprived of legal representation since the government has notified that it intended to prosecute Ms. Manbeck under the suspension provisions ... which do not allow for judicial review, and has declined to disavow the intention to enforce against her." *Id*. at 17. Plaintiffs contend that because Manbeck withdrew from representing two of the named Plaintiffs, those two Plaintiffs have suffered an injury in fact for standing and ripeness purposes. *See id*. at 17-20. Plaintiffs contend that "because the plaintiffs' legal rights are at stake, they have prudential standing to raise a violation of their first amendment rights and due process claim on behalf of themselves and challenge the SSA regulations as overbroad." *Id*. at 23. Plaintiffs contend that this Court has jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*., and 28 U.S.C. § 1331. *See id*. at 23-28. Plaintiffs contend that jurisdiction also exists pursuant to the Mandamus and Venue Act, 28 U.S.C. § 1361, because the "SSA has the clear nondiscretionary duty not to interfere with the claimants' statutory right to counsel pursuant to 42 U.S.C. § 406, 20 C.F.R. §§ 404.1700, 416.1500." *Id*. at 30.

Attached to Plaintiffs' opposition are two affidavits and six exhibits. A former employee for the SSA submitted an affidavit stating that "ODAR [i.e., SSA Office of Disability Adjudication and Review] has been engaged in retaliation against attorney Alexandra Manbeck who has been challenging the SSA practice since the early 2000's." (Schwartlander Aff. ¶ 10, ECF No. 16-1). Plaintiff Trai Minh Chau submitted an

affidavit stating that he is president of a San Diego organization with over a thousand members which assists "South Vietnamese veterans of the Vietnam War ... and their families ... to apply for Social Security benefits and has enlisted the pro bono help of Plaintiffs' attorney Alexandra Manbeck to advise the Vietnamese veterans of following the proper procedures to apply for and to obtain benefits." (Chau Aff. ¶ 1, ECF No. 16-2). Chau states: "The Social Security Administration's ongoing prosecution of Ms. Tran Manbeck has caused Ms. Manbeck to cease any and all representation of Vietnamese veterans and their family members and frustrates the mission of this organization...." *Id.* ¶ 2.

On February 6, 2014, Defendant filed a reply in support of the Motion to Dismiss. (ECF No. 21).

## II. Discussion

### A. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the Court has subject matter jurisdiction over an action. *See Assoc. of Am. Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). In resolving a motion to dismiss for lack of jurisdiction, the Court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *See id.*; *see also Safe Air For Everyone v. Doyle*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B. SSA Suspension Provisions

The Social Security Act authorizes the SSA to prescribe rules and regulations governing individuals representing claimants before the SSA. *See* 42 U.S.C. §§ 406(a)(1), 1383(d)(2). The Social Security Act provides that the SSA "may, after due notice and opportunity for hearing, suspend or prohibit from further practice before the Commissioner any such person, agent, or attorney who refuses to comply with the

Commissioner's rules and regulations." 42 U.S.C. § 406(a)(1). Pursuant to this authority, the SSA has promulgated regulations that govern the rules of conduct and standards of responsibility for representatives and establish a representative sanctions hearing, appeals, and reinstatement process. *See* 20 C.F.R. §§ 404.1740–404.1799 and 20 C.F.R. §§ 416.1540–416.1599. These rules establish affirmative duties and describe prohibited actions for representatives. For example, representatives are required to act with reasonable promptness to obtain the information and evidence that the claimant wants to submit; assist the claimant in complying with the agency's requests for information or evidence; provide competent representation to a claimant; act with reasonable diligence and promptness; and conduct business with the agency electronically on matters for which the representative requests direct fee payment. *See* 20 C.F.R. §§ 404.1740(b)(1)-(4), 416.1540(b)(1)-(4). The SSA may suspend or disqualify a representative who violates these rules from practicing before SSA. *See* 20 C.F.R. §§ 404.1745; 416.1545.

When the SSA has evidence that a representative has violated the rules governing dealings between representatives and the SSA, the SSA may begin proceedings to suspend or disqualify that individual from acting in a representational capacity before the SSA. *See id.* Initially, the SSA's Office of General Counsel ("OGC") prepares a notice containing a statement of charges that it serves on the representative, and the representative then has the right to file an answer with SSA. *See* 20 C.F.R. §§ 404.1750; 416.1550. If the OGC chooses to proceed with the sanctions process, the representative then has the right to a hearing on the charges before an impartial Administrative Law Judge ("ALJ"). *See* 20 C.F.R. §§ 404.1765; 416.1565. During the hearing, the representative has a right to counsel, and a right to request the issuance of subpoenas and to present evidence if the representative has filed a timely answer to the charges. *See id.* After the hearing, the ALJ issues a decision as to whether the charges have been sustained, and as to whether the representative should be suspended or disqualified. *See* 20 C.F.R. §§ 404.1770; 416.1570. Either the OGC or the

representative may then ask the Appeals Council to review the decision within 30 days of the date of the decision. *See* 20 C.F.R. §§ 404.1775; 416.1575. As part of the Appeals Council review process, parties may file briefs and present oral argument. *See* 20 C.F.R. §§ 404.1780; 416.1580. If a representative is suspended or disqualified, he or she may request reinstatement after one year. *See* 20 C.F.R. §§ 404.1799; 416.1599. SSA policy provides that representatives subject to the disciplinary process may "continue to represent claimants until a final decision" is issued by the Appeals Council. SSA Hearings, Appeals, and Litigation Manual ("HALLEX") I-1-1-55, 2013 WL 1280291 at *1.[1]

### C. Ripeness

Like standing, ripeness is a "jurisdictional issue." *DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1038 (9th Cir. 2006). "The basic purpose of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 779 (9th Cir. 2000) (quotation omitted); *see also Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) ("[R]ipeness is peculiarly a question of timing, and a federal court normally ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all. In the absence of an immediate and certain injury to a party, a dispute has not matured sufficiently to warrant judicial intervention.") (quotations omitted). "Although ripeness, like other justiciability doctrines, is not a legal concept with a fixed content or susceptible of scientific verification, the ... doctrine is drawn both from Article III limitations on judicial power and from

---

[1] The HALLEX is an internal SSA policy manual. While it does not create judicially-enforceable duties, it does articulate policies and procedures for SSA proceedings at the hearing and Appeals Council stages. *See Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000).

prudential reasons for refusing to exercise jurisdiction.... [T]he ripeness inquiry contains both a constitutional and a prudential component." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (quotations omitted).

### 1. Constitutional Component

"The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong."[2] *Id*. "Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional case or controversy, that the issues presented are definite and concrete, not hypothetical or abstract. In assuring that this jurisdictional prerequisite is satisfied, we consider whether the plaintiffs face 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement,' or whether the alleged injury is too 'imaginary' or 'speculative' to support jurisdiction." *Id*. at 1139 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

There has been no final decision issued by the SSA suspending or sanctioning Manbeck. Plaintiffs have not disputed Defendant's assertion that Manbeck is permitted to continue to represent Plaintiffs and others before the SSA until there is a final decision preventing Manbeck from representing claimants. *See* HALLEX I-1-1-55, 2013 WL 1280291 at *1. To the extent Manbeck's suspension could be considered an injury to Plaintiffs, Plaintiffs' "subjective apprehension about future harm" during the pendency of the administrative proceedings against Manbeck is insufficient to constitute an injury in fact. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (quotation omitted); *see also DBSI/TRI IV Ltd. P'ship*, 465 F.3d at 1039 ("A case is not

---

[2] The "irreducible constitutional minimum of standing" consists of the following three elements: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations omitted).

ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur.") (quotation omitted).

Plaintiffs rely upon *Babbitt v. United Farm Workers National Union*, 442 U.S. 289 (1979) in contending that Plaintiffs have suffered an injury in fact. In *Babbitt*, the Supreme Court held that it is not necessary to be arrested to challenge the constitutionality of a criminal statute, where "the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt*, 442 U.S. at 298. In contending that they have suffered injury in fact sufficient for standing and ripeness, Plaintiffs state: "Fears of losing representation and being destitute due to the forfeiture of Social Security benefits, similar to fear of criminal prosecution is one category of injury recognized under the standing doctrine, and 'one does not have to await the consummation of threatened injury to obtain preventative relief.'" (ECF No. 16 at 17 (quoting *Babbitt*, 442 U.S. at 298)). However, Plaintiffs have failed to allege or show that they have "an intention to engage in a course of conduct ... proscribed by a statute." *Babbitt*, 442 U.S. at 298. Only Manbeck, who is not a party, is alleged to be subject to governmental proceedings against her, and Manbeck denies that she engaged in conduct proscribed by the SSA regulations.

Two Plaintiffs, Cuc Huynh and Duc Huu Huynh, contend that they have suffered a non-speculative injury in fact because Manbeck has already withdrawn from representing them before the SSA. *See* ECF No. 16 at 19-20; ECF Nos. 16-6, 16-7. These Plaintiffs have failed to adequately allege or prove that the SSA required Manbeck to withdraw during the pendency of the administrative proceedings against Manbeck. It is undisputed that representatives subject to the disciplinary process may "continue to represent claimants until a final decision" is issued by the Appeals Council. HALLEX I-1-1-55, 2013 WL 1280291 at *1. It is undisputed that, as of the date of the Motion to Dismiss, no hearing before an ALJ had occurred, no decision had been issued by an ALJ, and no "final decision" had been issued by the Appeals Council. *Id*. A

plaintiff is not permitted to "manufacture" an injury in fact through voluntary actions. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010) ("[A plaintiff] cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the [plaintiff] at all."). To the extent Manbeck chooses to voluntarily withdraw from representing Plaintiffs prior to a final decision by the SSA, any injury suffered by Plaintiffs is not "fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560 (constitutional minimum of standing requires plaintiff to show, *inter alia*, "the injury [is] ... fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court") (quotation omitted).

Based upon the allegations of the First Amended Complaint and the record before the Court, the Court finds that Plaintiffs have failed to adequately allege or demonstrate the constitutional component of the ripeness inquiry.

### 2. Prudential Component

"Even were [the Court] to conclude that [Plaintiffs] present a ripe case or controversy in the constitutional sense," the Court would be required to consider whether to "decline to exercise jurisdiction under the prudential component of the ripeness doctrine." *Thomas*, 220 F.3d at 1141. "In evaluating the prudential aspects of ripeness, [the Court's] analysis is guided by two overarching considerations: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quotation omitted). "Ripeness will prevent review if the systemic interest in postponing adjudication due to lack of fitness outweighs the hardship on the parties created by postponement." *Municipality of Anchorage v. United States*, 980 F.2d 1320, 1323 (9th Cir. 1992) (quotation omitted).

"Generally, agency action is fit for review if the issues presented are purely legal and the regulation at issue is a final agency action." *Id.* (quotation omitted). "The core question is whether the agency has completed its decisionmaking process, and whether

the result of that process is one that will directly affect the parties. We have accordingly looked to the following elements: whether the administrative action is a definitive statement of an agency's position; whether the action has a direct and immediate effect on the complaining parties; whether the action has the status of law; and whether the action requires immediate compliance with its terms." *Ass'n of Am. Med. Colleges*, 217 F.3d at 780 (quotation omitted).

      Plaintiffs are challenging an agency action that has not yet become final. The SSA has served Manbeck with a Notice of Intent to Sanction, and Manbeck has filed an amended answer in response to the Notice of Intent to Sanction. (Yang Decl. ¶¶ 5-7, ECF No. 10-4). Plaintiffs contend that Manbeck has evidence demonstrating that the charges are unfounded, while the SSA contends that it has evidence demonstrating that the charges have merit. The next step in the administrative process is for a hearing to be scheduled before an ALJ, where both parties may present their evidence. *See* 20 C.F.R. §§ 404.1765; 416.1565. After the hearing, the ALJ issues a decision as to whether the charges have been sustained, and as to whether the representative should be suspended or disqualified, and either party has the right to ask the Appeals Council to review the decision. *See* 20 C.F.R. §§ 404.1770; 404.1775; 416.1570; 416.1575. The most recent administrative action—issuance of the Notice of Intent to Sanction—is not "a definitive statement of an agency's position." *Ass'n of Am. Med. Colleges*, 217 F.3d at 780. The Notice of Intent to Sanction does not have "the status of law" and does not "require[] immediate compliance with its terms." *Id*. But for Manbeck's voluntary withdrawal of representation of certain Plaintiffs, the Notice of Intent to Sanction would not have "a direct and immediate effect on the complaining parties." *Id*. The Court finds that the issues are not fit for judicial decision at this time. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.... Under these circumstances, where we have no idea whether or when ... a sanction will be ordered, the issue is not fit for adjudication.") (quotations omitted); *Sierra Club*

*v. Nuclear Regulatory Comm'n*, 825 F.2d 1356, 1362 (9th Cir. 1987) ("We will not entertain a petition where pending administrative proceedings or further agency action might render the case moot and judicial review completely unnecessary.") (citation omitted).

"Turning to the second consideration—the hardship to the parties if jurisdiction is withheld," the Court considers whether "any hardship will result from deferring resolution of this matter." *Thomas*, 220 F.3d at 1142. As discussed above, SSA policy allows representatives subject to the disciplinary process to "continue to represent claimants until a final decision" is issued by the Appeals Council. HALLEX I-1-1-55, 2013 WL 1280291 at *1. The Court finds that any hardship to Plaintiffs "fairly traceable to ... the defendant," *Lujan*, 504 U.S. at 560, is outweighed by "the systemic interest in postponing adjudication due to lack of fitness." *Municipality of Anchorage*, 980 F.2d at 1323 (quotation omitted). Accordingly, even if the Court were to conclude that Plaintiffs present a ripe case or controversy in the constitutional sense, the Court would decline to exercise jurisdiction under the prudential component of the ripeness doctrine. Because the Court finds this action is not ripe and should be dismissed without prejudice, the Court declines to consider Defendant's other grounds for dismissal.

### III.  Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED, as discussed above. (ECF No. 10). The Court finds that this action is not ripe for judicial review. Pursuant to Federal Rule of Civil Procedure 12(b)(1), this action is dismissed without prejudice.

DATED: February 25, 2014

**WILLIAM Q. HAYES**
United States District Judge